NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CECIL FEARON, | : | |
| Plaintiff, | : | Civil No. 06-2061 (AET) |
| v. | : | **MEMORANDUM OPINION** |
| CORRECTIONAL MEDICAL SERVICES, INC., et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

This matter is before the Court on State Defendants Devon Brown and George Hayman's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, for Summary Judgment Pursuant to Fed. R. Civ. P. 56; and Defendants Correctional Medical Services, Inc. ("CMS"), and Drs. Talbot, Tinker, Hanna, Hellander, Gabriel, and Melendez's ("CMS Defendants") Motion for Partial Summary Judgment Pursuant to Fed. R. Civ. P. 56. The Court has decided these motions based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons stated below, State Defendants Brown and Hayman's Motion for Summary Judgment, and CMS Defendants' Motion for Partial Summary Judgment are granted. State Defendants Brown and Hayman's Motion to Dismiss is denied as moot.

BACKGROUND

Plaintiff Cecil Fearon is incarcerated at the New Jersey State Prison in Trenton, New

Jersey. He alleges that he sought medical treatment from the CMS Defendants in July 2001 for injuries sustained in prison. Over the next three years, Plaintiff sought medical attention for pain, and further sought medical testing to determine the source of the pain. In 2004, Plaintiff was diagnosed with herniated discs and spinal cord compression. In April 2005, Defendant Hellander requested surgery for Plaintiff; this surgery was performed in January 2006.

Plaintiff argues that State and CMS Defendants' (together, "Defendants") were negligent and deliberately indifferent to Plaintiff's serious medical needs, and that this indifference contributed to the progression and advancement of Plaintiff's condition. Plaintiff brings this Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by denying him timely medical care. Plaintiff brings additional state claims against CMS Defendants for breach of contract, negligence, and negligent and intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages, and a permanent injunction ordering Defendants to comply with treatment plans. Defendants have asserted crossclaims against each other for contribution and indemnification. The above-referenced Motions followed.[1]

## DISCUSSION

A.   Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

State Defendants first ask this Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), all allegations in the complaint

---

[1] In response to Defendants' Motions, Plaintiff voluntarily dismissed certain defendants from this action, dismissed claims brought against New Jersey Department of Corrections ("DOC") officials Brown and Hayman in their official capacities, and dismissed a claim brought under 42 U.S.C. § 1986 for alleged neglect to prevent civil rights violations. The Motions address only the claim brought under § 1983.

must be accepted as true and viewed in the light most favorable to the plaintiff.  See Conley v. Gibson, 355 U.S. 41, 48 (1957); Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). A court may dismiss a complaint under this rule if it appears beyond a doubt that no relief could be granted under any set of facts which could be proven consistent with the allegations.  In re Party City Sec. Litig., 147 F. Supp. 2d 282, 297 (D.N.J. 2001).

B.     Motion for Summary Judgment under Fed. R. Civ. P. 56

With respect to Plaintiff's claim under § 1983, Defendants seek summary judgment pursuant to Rule 56.[2]  A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In reviewing motions for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.  See Conley, 355 U.S. at 48; InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159-60 (3d Cir. 2003).  The moving party has the burden to show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law.  Big Apple BMW v. BMW of N. Am., Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992).  An issue is "genuine" if a reasonable jury could hold in the movant's favor on that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The movant need not disprove the opponent's claim, but must still demonstrate the absence of any genuine issue of material fact.  Big Apple BMW, 974 F.2d at 1362-63.  Once the moving party meets its burden, the burden shifts to the non-moving party to adduce evidence showing that a genuine issue exists.  Id.  To successfully defend against a motion for summary

---

[2]     The State Defendants seek summary judgment generally, although the State Defendants are named only in connection with the § 1983 claim.  The CMS Defendants seek partial summary judgment of the § 1983 claim only.

judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson, 477 U.S. at 252. If the non-moving party fails to make a sufficient showing establishing an element of his claim that is essential to his case, and on which he will bear the burden of proof at trial, then summary judgment is appropriate. Celotex, 477 U.S. at 322.

C.      Section 1983 Claim against all Defendants

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To prevail on a denial of adequate medical care claim brought under § 1983, Plaintiff must show that (1) a serious medical need existed, and (2) the Defendants' behavior rose to the level of "deliberate indifference" to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

Plaintiff may show a "serious medical need" by demonstrating a need (1) that "has been diagnosed by a physician as requiring treatment"; (2) that "is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) for which "the denial of treatment would result in the unnecessary or wanton infliction of pain [or] a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003). Defendants do not controvert, and the Court so finds, that Plaintiff satisfactorily alleges that he has or had a "serious medical need."

Plaintiff must next show that Defendants were "deliberately indifferent" to that need, i.e., that the Defendants knew of and disregarded an excessive risk to Plaintiff's health or safety. Natale, 318 F.3d at 852. Deliberate indifference may be found where a prison official either (1) knew of the need for treatment but intentionally refused to provide it; (2) delayed necessary

4

medical treatment for non-medical reasons; or (3) prevented a prisoner from receiving needed or recommended treatment. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). By contrast, claims of medical malpractice or negligence do not rise to the level of deliberate indifference. Id. Similarly, neither subjective dissatisfaction with medical care, Andrews v. Camden County, 95 F. Supp. 2d 217, 228 (D.N.J. 2000), nor disagreement over medical care, White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990), will rise to the level of deliberate indifference. Natale, 318 F.3d at 852.

Plaintiff has not alleged that medical care was denied, and the undisputed facts show that Plaintiff received numerous medical evaluations and treatments, and received surgery for his back injury.[3] For purposes of his § 1983 claim, Plaintiff has made only bare assertions that the Defendants knew of his condition, deliberately refused to treat it in a timely manner, and did so for non-medical reasons. With respect to the all of the Defendants, Plaintiff asserts that it was the "policy, practice and custom of Defendants . . . to authorize certain individuals . . . to negligently perform their duties in wonton disregard for the plaintiff and cause the plaintiff to be denied his constitutionally protected rights . . . ." (Compl. ¶ 79.) Plaintiff further asserts that the Defendants "refused to adequately train, direct, supervise, or control certain other defendants so as to prevent the violations of [P]laintiff's constitutional rights." (Compl. ¶ 82.)

While Plaintiff's allegations against the Defendants might survive a motion to dismiss under Rule 12(b)(6), that is not the only motion before the Court. When faced with a motion for summary judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint,

---

[3] Plaintiff stated that from "September 2001 until the present I have seen over fifty different medical providers." (Pl's Aff. ¶ 7, Dec. 18, 2006.)

5

and must present more than the "mere existence of a scintilla of evidence" in his favor. Anderson, 477 U.S. at 252. Once the movant shows that there is no genuine issue of material fact, and if the non-moving party fails to make a sufficient showing establishing an element of his claim that is essential to his case, and on which he will bear the burden of proof at trial, then summary judgment is appropriate. Celotex, 477 U.S. at 322. In support of their motions for summary judgment, Defendants have provided copious evidence, in the form of treatment records and uncontested material facts, to show that there is no genuine issue of material fact in this case. Big Apple BMW, 974 F.2d at 1362-63. The burden shifts to Plaintiff to adduce some evidence showing that a genuine issue of material fact remains. Id. While Plaintiff has disputed some of the facts, the disputes are either peripheral or concern the state law claims against the CMS Defendants. They do not show the existence of genuine issues of material fact central to Plaintiff's claim of denial of medical care in violation of § 1983.

With respect to the State Defendants, Plaintiff may not proceed solely upon a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d. Cir. 1988). He must either show personal involvement; i.e., personal direction or of actual knowledge and acquiescence, id. at 1207-08, or toleration of past or ongoing misbehavior. Baker v. Monroe Twp., 50 F.3d 1186, 1191 n.3 (3d Cir. 1995) (citation omitted). Plaintiff alleges that he sent remedy forms and letters to State Defendants, alerting them to his injuries.[4] Evidence of this sort, and it is the only evidence offered by Plaintiff to show that the State Defendants were aware of his situation, has

---

[4] Several of the exhibits attached to Plaintiff's Opposition Brief contain Inmate Request Forms and Administrative Remedy Forms seeking medical evaluation for a variety of disparate injuries, many seemingly unrelated to the case at bar. (Pl.'s Opp'n. Br. Ex. A-H, *passim*.) Many of these forms also threaten litigation. Id.

been deemed insufficient as a matter of law to show personal involvement.  Spruill v. Gillis, 372 F.3d 218, 236 (2004).  Accordingly, the Plaintiff has failed to plead or show any personal involvement on the part of the State Defendants.[5]  Further, although Plaintiff has alleged that the State Defendants "encouraged," "caused,"and "authorized" unlawful or negligent conduct on the part of the CMS Defendants, or "refused" to adequately train or supervise the CMS Defendants, Plaintiff produced no evidence to support these allegations, or alleged that such evidence might exist.  Because Plaintiff has failed to make a sufficient showing as to necessary elements of his case, summary judgment in favor of the State Defendants is appropriate.  Celotex, 477 U.S. at 322.[6]

The CMS Defendants move for partial summary judgment of the § 1983 claim, alleging that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  Before Plaintiff may seek redress in this Court, he must exhaust his administrative remedies by following the steps set forth in the New Jersey State Prison Inmate Handbook ("Handbook").  (See Ausfahl Cert., Ex. B); Concepcion v. Morton, 306 F.3d 1347, 1348-49 (3d Cir. 2002).  Plaintiff has filed numerous Administrative Remedy Forms ("ARFs") and maintains that his recourse for dissatisfaction with the medical care received is an action in this Court.  (Pl.'s Opp'n. Br. at 10) (stating that "Plaintiff satisfied the 'merits test' because the [DOC] responded to the merits of his remedy and because the inmate was not

---

[5]   In his Complaint, Plaintiff did not allege that the State Defendants had knowledge of his condition, therefore dismissal pursuant to Fed. R. Civ. P. 12(b)(6) would be proper.

[6]   Counts 1, 2, 5 and 6 involved state law claims made against the CMS Defendants, therefore summary judgment in favor of the State Defendants as to Count 3 terminates them from this action.

satisfied"). He further maintains that "[a]n inmate who files an administrative remedy to address medical care and receives the care requested is not expected to appeal such a determination in order to exhaust administrative remedies." (Id. at 10-11.) Procedurally, Plaintiff is correct because the Handbook does not state that the ARF determination must be appealed before the claim is "exhausted," and Defendants' own evidence supports this conclusion. (See Johnson Aff. ¶ 13 (stating "[w]hen the inmate receives the response to the [ARF], his remedies have been exhausted."); Handbook at 159 (describing the Administrative Remedy Process as "the final step in resolving grievances, problems or concerns within the institution before applying to the courts.")).[7] Thus, Plaintiff appears to have followed the appropriate procedure for exhaustion of his claim.

    Upon closer inspection however, it becomes clear that Plaintiff has not exhausted his administrative remedies because the requests made in the ARFs do not complain about a lack of treatment or allege that the treatment received was substandard. (See generally Johnson Aff., Exs. A, B & D, *passim*.) It is axiomatic that Defendants had to be notified about the alleged shortcomings of Plaintiff's medical treatment, see, e.g., Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004), and the ARFs relied upon by Plaintiff do not provide such notice. See Chapman v. McFarland, No. 05-3681, 2006 WL 2524171, at *4 (D.N.J. Aug. 29, 2006) (finding that ARF did not provide prison administration with sufficient notice of grievance). Accordingly, Plaintiff has failed to exhaust his administrative remedies as the ARFs filed by Plaintiff did not provide Defendants with sufficient notice of his grievances. Id.

---

       [7]     Other courts of this District have reached the same conclusion. See, e.g., Grant v. Cathel, No. 05-3956, 2007 WL 119158, at *5 (D.N.J. Jan. 10, 2007); Hernandez v. Cullison, No. 05-3038, 2006 WL 1804579, at *10 (D.N.J. June 26, 2006).

Plaintiff argues in the alternative that summary judgment is inappropriate because fact discovery is still ongoing, however Plaintiff misconstrues this general rule because the facts central to the CMS Defendants' lack of exhaustion defense do not appear to be in dispute. While Plaintiff argues that "[t]here clearly exists a dispute of material facts . . . whether the Defendants provided responses to those remedies" (Pl.'s Reply Br. at 16),[8] and the Court accepts that premise, the ARFs still do not show that Plaintiff complained about the delivery of medical care, let alone care so substandard that it demonstrates an Eighth Amendment violation. Plaintiff does not suggest that evidence of a relevant and duly exhausted complaint will somehow materialize before the close of discovery.[9] Therefore, summary judgment is appropriate even though discovery is ongoing.

D.  Jurisdiction Over Remaining State Law Claims

The remaining claims are state law claims against CMS Defendants for breach of contract, negligence and intentional and negligent infliction of emotional distress. In addition, CMS Defendants in this action have filed cross-claims against State Defendants and one another for contribution and indemnification, and for settlement credit. Pursuant to 28 U.S.C. § 1367(c)(3), this Court may decline jurisdiction if the Court has dismissed all claims over which it has original jurisdiction. Before doing so, the Court should determine if dismissal would be unfair to the

---

[8] CMS Defendants argue that exhaustion does not occur until the inmate receives a response to the ARF. (Johnson Aff. ¶ 13.) Thus, Plaintiff's suggestion that CMS Defendants did not respond to the ARFs paradoxically supports CMS Defendants' argument that Plaintiff did not exhaust his administrative remedies–this would be fatal to Plaintiff's § 1983 claim.

[9] This Court previously ordered fact discovery to be finished by February 1, 2007, therefore any facts regarding exhaustion of valid claims should be known to Plaintiff. Should new evidence in support of Plaintiff's § 1983 claim materialize at the eleventh hour of discovery, Plaintiff may move for reconsideration pursuant to D.N.J. Civ. R. 7.1(i).

litigants or result in a waste of judicial resources.  Brown v. Brown, No. 03-1520, 2005 WL 1279181, at *6 n.4 (D.N.J. May 31, 2005) (citing Stehney v. Perry, 101 F.3d 925, 939 (3d Cir. 1996)).  Dismissal would be unfair if Plaintiff's claims were time-barred in state court, however the remaining state law claims may be brought within thirty days in an appropriate state court pursuant to 28 U.S.C. § 1367(d).  With respect to the cross-claims of the CMS Defendants, these arise under state law and the underlying causes of action are dismissed, therefore the Court cannot see how the CMS Defendants will be prejudiced.  Accordingly, this Court finds that the litigants are not prejudiced and declines to retain jurisdiction over the remaining state claims.  See Brown, 2005 WL 1279181, at *6 n.4 (citing Hedges v. Musco, 204 F.3d 109, 123-24 (3d Cir. 2000)).

CONCLUSION

For the reasons set forth above, State Defendants' Motion to Dismiss is denied as moot. State Defendants' Motion for Summary Judgment is granted.  CMS Defendants' Motion for Partial Summary Judgment is granted.  The remaining state law claims against CMS Defendants are dismissed without prejudice.  Cross-claims for contribution and indemnification brought by CMS Defendants are dismissed without prejudice. An appropriate order follows.

      /s/ Anne E. Thompson
    ANNE E. THOMPSON, U.S.D.J.

DATED: February 2, 2007